# EXHIBIT B

**COMP**
HOGAN HULET PLLC
KENNETH HOGAN
Nevada Bar No. 10083
Email: ken@h2legal.com
JEFFREY HULET
Nevada Bar No. 10621
E-mail: jeff@h2legal.com
1140 N. Town Center Dr. Suite 300
Las Vegas, Nevada 89144
Tel/Fax: (702) 800-5482
*Attorneys for DANJON CAPITAL, Inc.*

Electronically Filed
02/22/2017 01:30:38 PM

CLERK OF THE COURT

## DISTRICT COURT

## CLARK COUNTY, NEVADA

DANJON CAPITAL, INC., a Nevada corporation,

Plaintiff,

vs.

JEM CONTRACTING CO, LLC, a Connecticut limited liability company; ELISSA SPEER, an individual; DOES I-X, inclusive, and ROE Corporations I-X, inclusive,

Defendants.

CASE NO. A-17-751487-C

DEPT. IV

**COMPLAINT**

(Exempt from Arbitration Under NAR 3(A) - Declaratory Relief Sought/Claim Exceeds $50,000.00)

Plaintiff DANJON CAPITAL, INC. hereby complains against Defendants JEM CONTRACTING CO, LLC, ELISSA SPEER, and DOES I through X and ROE CORPORATIONS I through X (together, "Defendants") as follows:

### I.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff DANJON CAPITAL, INC. ("Plaintiff") is a domestic Nevada corporation, doing business in Clark County, Nevada and abroad.

2. Upon information and belief, Defendant JEM Contracting Co, LLC ("JEM") is and was at all times relevant a Connecticut limited liability company.

3. Upon information and belief, Defendant Elissa Speer ("Speer") is an individual residing in the State of Connecticut.

Hogan Hulet PLLC
1140 N. Town Center Dr.
Suite 270
Las Vegas, Nevada 89144
(702) 800-5482

1 of 5

4.  Defendants designated herein as DOES and ROE Entities are individuals or legal entities that may also liable to Plaintiff for the claims set forth herein. The identities of these individuals or entities are unknown and unascertainable at this time because there has been no discovery conducted in this litigation. If discovery should reveal that the above-named Defendants, or any of their principals or related entities, are liable under the allegations herein, then those individuals/entities will be added as Defendants herein.

5.  Jurisdiction and venue over this matter are proper in this Court because Plaintiff conducts business in Clark County, Nevada; Defendants purposefully availed themselves of Plaintiff's services in Clark County through leasing equipment from Plaintiff; this action arises from Defendants' affirmatively directed conduct in leasing equipment from Plaintiff in Clark County; and Defendants agreed to be subject to the venue, jurisdiction and laws of the State of Nevada.

## II.

## GENERAL ALLEGATIONS

6.  On May 19, 2016, Plaintiff and JEM entered into an Equipment Lease (the "Lease").

7.  Under the Lease, JEM agr~~eed to lease~~ certain restaurant equipment from Plaintiff.

8.  The Lease is benefitted by Speer's Unconditional Personal Guaranty, under which Speer "unconditionally" guarantees performance of the Lease, and all of JEM's "obligations under the Lease."

9.  The Lease obligates JEM to pay to Plaintiff the base lease sum of $1,018.69 plus taxes per week for 24 months.

10. The Lease also requires JEM to safeguard the subject lease property/equipment, and return it into Plaintiff's possession in good working order at the end of the Lease term, or in the alternative, to purchase the leased property.

11. Failure to make payments due is an event of default under the Lease.

12. Failure to return the property into Plaintiff's possession in good working order is breach of the Lease.

13. JEM defaulted on the Lease by failing to make payments when due commencing

Hogan Hulet PLLC
1140 N. Town Center Dr
Suite 270
Las Vegas, Nevada 89144
(702) 800-5482

June 2016.

14. Speer failed to meet her obligations as the unconditional guarantor of JEM's obligations under the Lease.

15. Sums owing under the Lease through present total $182,998.04, which amount includes base rent payments and other fees due under the Lease, along with default interest as provided-for in the Lease.

16. Defendants also defaulted on their obligations by and through failing to return the subject leased property, valued at a loss fair market value of $6,000.00, into Plaintiff's possession in good working order.

17. Defendants have agreed to pay Plaintiff's attorney fees and costs and expenses if enforcement litigation became necessary.

## III.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Breach of Contract)**

18. Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as though fully set forth herein.

19. Plaintiff and Defendants are parties to the Lease and the Unconditional Personal Guaranty.

20. Those agreements are valid and enforceable agreements under Nevada law.

21. Plaintiff performed its obligations under the Lease and the Unconditional Personal Guaranty.

22. Defendants, without excuse, materially breached their respective obligations under the agreements by failing to make Lease payments when due, by failing to return the subject leased equipment into Plaintiff's hands in good and workable condition, and by failing to meet obligations under the Unconditional Personal Guaranty.

23. As a result of Defendants' breach of the agreements, Plaintiff has been damaged in a sum in excess of $15,000.00, plus the cost of cover, along with attorney's fees and costs.

Hogan Hulet PLLC
1140 N. Town Center Dr
Suite 270
Las Vegas, Nevada 89144
(702) 800-5482

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief)

24. Plaintiff repeats, realleges, and reincorporates each and every allegation contained above as if fully set forth herein.

25. A justiciable controversy exists between Plaintiff and Defendants, the interests between Plaintiff and Defendants are adverse, and Plaintiff has a legally protectable interest in the controversy.

26. The matter is ripe for a judicial declaration, pursuant to NRS 30.010, *et seq.*, as well as pursuant to the Court's inherent declaratory authority, that Plaintiff is entitled to an award of damages under the Lease; an award of damages under the Unconditional Personal Guaranty; an award of ongoing costs and fees of collection without need to amend the judgment; and return of the subject leased property or compensation for any loss or damage to the subject leased property.

27. Plaintiff has been required to retain the services of an attorney to prosecute this matter and is entitled to an award of incurred attorneys' fees and costs as permitted under Nevada law.

WHEREFORE Plaintiff prays for relief as follows:

1. For compensatory damages in excess of $15,000.00;

2. For an award of costs and attorney's fees incurred in bringing and maintaining this action, as permitted by law;

3. For a declaratory judgment that Plaintiff is entitled to an award of damages under the Lease; an award of damages under the Unconditional Personal Guaranty; an award of ongoing costs and fees of collection without need to amend the judgment; and return of the subject leased property – and compensation for any loss or damage to the subject leased property;

4. For an award of pre-judgment and post-judgment interest at the highest rate permitted by law until paid in full;

5. For an award of any and all fees or costs incurred in the collection of any judgment sum awarded, which fees and costs to be added to the judgment without seeking leave of court to amend the judgment; and

Hogan Hulet PLLC
1140 N. Town Center Dr
Suite 270
Las Vegas, Nevada 89144
(702) 800-5482

6. For such other and further relief as the Court may find just and proper, whether at law or in equity.

Dated this 22nd day of February 2017.

        HOGAN HULET PLLC

        KENNETH HOGAN
        Nevada Bar No. 10083
        JEFFREY HULET
        Nevada Bar No. 10621
        1140 N. Town Center Dr. Suite 300
        Las Vegas, Nevada 89144
        (702) 800-5482
        *Attorneys for Plaintiff*

Hogan Hulet PLLC
1140 N. Town Center Dr.
Suite 270
Las Vegas, Nevada 89144
(702) 800-5482

5 of 5