```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

```
-------------------------------- x
ELISSA SPEER,                    :
                                 :
          Plaintiff,             :
                                 :
v.                               :
                                 :  Civil No. 3:19-cv-1778 (AWT)
DANJON CAPITAL, INC., TINA       :
HAMPTON, HOGAN HULET PLLC, WORLD :
BUSINESS LENDERS, LLC, and WBL   :
SPE II LLC,                      :
                                 :
          Defendants.            :
-------------------------------- x
```

## ORDER RE MOTIONS TO DISMISS

On November 12, 2019, plaintiff Elissa Speer filed a Complaint against defendants Danjon Capital, Inc., Tina Hampton, Hogan Hulet PLLC, World Business Lenders, LLC, and WBL SPE II LLC. In response to deficiencies raised in the defendants' motions to dismiss, including arguments that the plaintiff lacked standing, the plaintiff was permitted to file an Amended Complaint and RICO Case Statement. Defendants World Business Lenders, LLC, WBL SPE II LLC, and Hogan Hulet PLLC now move to dismiss plaintiff Elissa Speer's Amended Complaint (ECF No. 37). The motions are being granted due to the plaintiff's lack of standing.

**I.   LEGAL STANDARD**

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if

the court 'lacks the statutory or constitutional power to adjudicate it[.]'" Cortlandt St. Recovery Corp. v. Hellas Telecomm., 790 F.3d 411, 416-17 (2d. Cir. 2015) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). The party asserting subject matter jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurechione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings. See Makarova, 201 F.3d at 113. In fact, "the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Antares Aircraft, L.P. v. Fed. Republic of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991).

**II. WORLD BUSINESS LENDERS, LLC, AND WBL SPE II LLC**

**A. Factual Background**

Plaintiff Elissa Speer is a member of JEM Contracting Co., LLC, a Connecticut limited liability company. She is also a member of 526-528 North Main Street, LLC, which is also a Connecticut limited liability company.

On April 26, 2016, JEM Contracting Co., LLC issued a business promissory note in the principal amount of $20,000 payable to Bank of Lake Mills or order (the "WBL Note"). The plaintiff signed the WBL Note on behalf of JEM Contracting Co.,

LLC, in her capacity as a member of JEM Contracting Co., LLC. To secure the WBL Note, 526-528 North Main Street, LLC, executed on April 26, 2016 a mortgage in favor of Bank of Lake Mills (the "WBL Mortgage") on the property known as 526-528 North Main Street, Norwich, Connecticut (the "Property"). The plaintiff executed the WBL Mortgage on behalf of 526-528 North Main Street, LLC, in her capacity as a member of 526-528 North Main Street, LLC. To further secure the WBL Note, the plaintiff executed, in her individual capacity, a continuing guarantee (the "WBL Guaranty") in favor of Bank of Lake Mills, guaranteeing the payment and performance of all of JEM Contracting Co., LLC's obligations under the WBL Note.

Bank of Lake Mills assigned its rights in the WBL Note, the WBL Mortgage, and the WBL Guaranty to World Business Lenders, LLC, by virtue of a loan assignment and assignment of mortgage, respectively. JEM Contracting Co., LLC, defaulted on its obligations under the WBL Note, and World Business Lenders, LLC, brought suit in Connecticut Superior Court to foreclose on the property by way of a complaint dated October 6, 2016. In Count One of the complaint, World Business Lenders, LLC, sought to foreclose on the WBL Mortgage on the Property. In Count Two, World Business Lenders, LLC, sought to enforce the WBL Guaranty against Speer. On February 26, 2018, World Business Lenders, LLC, assigned its rights in the WBL Note, the WBL Mortgage, and

the WBL Guaranty to WBL SPE II, LLC. Both 526-528 North Main Street, LLC, and Speer were defaulted for failure to plead, and on March 12, 2018, the Superior Court entered a judgment of strict foreclosure with respect to Count One. Speer filed a number of appeals. On May 5, 2020, the Connecticut Appellate Court held that "[b]ecause these claims relate to the judgment of strict foreclosure rendered by the court with respect to count one . . . Speer, as a guarantor who was not a party to the note or mortgage, lacks standing to raise them on appeal." World Business Lenders, LLC v. 526-528 North Main Street, LLC, 197 Conn.App. 269, 271 (2020). The court explained that "the guarantor is not liable for the debt secured by the mortgage; rather, the guarantor is liable for what he or she agreed to in the guarantee." Id. at 275 (brackets and citation omitted). On November 12, 2020, WBL SPE II, LLC, decided it would not attempt to pursue enforcement of the WBL Guaranty against Speer and withdrew the second count of the Action. Judgment has entered against 526-528 North Main Street, LLC in that action.

 **B. Lack of Standing**

Count Two alleges unlawful collection of debt in violation of 18 U.S.C. § 1962(d) against defendants World Business Lenders, LLC, and WBL SPE II, LLC. Count Five alleges wire fraud against World Business Lenders, LLC, and WBL SPE II, LLC, in violation of 18 U.S.C. § 1964(c). Count Six alleges laundering

of monetary instruments in violation of 18 U.S.C. § 1964(c) against, inter alia, World Business Lenders, LLC, and WBL SPE II, LLC. Count Seven alleges a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110g, against, inter alia, World Business Lenders, LLC, and WBL SPE II, LLC.

World Business Lenders, LLC, and WBL SPE II, LLC, move to dismiss the claims against them for lack of subject matter jurisdiction. They maintain that the plaintiff lacks standing.

A plaintiff has standing if she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). "Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element." Id. (internal quotation marks omitted). As to injury in fact, "a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. at 339 (internal quotation marks omitted). An injury is particularized if it "affect[s] the plaintiff in a personal and individual way." Id. (citation omitted). An injury is concrete only if it "actually exist[s]." Id. at 340. "Because a conspiracy . . . cannot by itself cause any injury, . . . injury-causing overt acts [are] the basis of civil standing to

recover for RICO conspiracy violations," and "injury from an overt act is necessary and sufficient to establish civil standing for a RICO conspiracy violation." Hecht v. Com. Clearing House, Inc., 897 F.2d 21, 25 (2d Cir. 1990). However, "a civil conspiracy plaintiff cannot bring suit under RICO based on injury caused by any act committed in furtherance of a conspiracy that might have caused the plaintiff injury." Beck v. Prupis, 529 U.S. 494, 505 (2000). Rather, the plaintiff must "allege injury from . . . an act that is independently wrongful under RICO," id. at 505-06, i.e., "an overt act that is . . . an act of racketeering or otherwise unlawful under the statute," id. at 507. In all cases, "a plaintiff must demonstrate standing separately for each form of relief sought." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 185 (2000).

World Business Lenders, LLC, and WBL SPE II, LLC, maintain that the plaintiff lacks standing for two reasons. First, the defendants point out that "Plaintiff in this action brings her Amended Complaint individually" even though "the WBL Note and WBL Mortgage were not executed by her individually." WBL Mem. (ECF No. 57-1) at 7. "[B]ecause Plaintiff bears no individual liability under the WBL Note and the WBL Mortgage did not encumber property owned by Plaintiff, individually," the defendants maintain that "[o]nly JEM Contracting Co LLC and 526-

528 North Main Street, LLC have standing to pursue the claims alleged relating to the WBL Note and WBL Mortgage." Id. The court agrees.

"[A] member or manager of a limited liability company is not a proper party to a proceeding by . . . a limited liability company solely by reason of being a member or manager of the limited liability company." Padawer v. Yur, 142 Conn. App. 812, 817 (2013). Although the Connecticut Supreme Court has held that, subject to several conditions, courts "may permit the member of a single-member limited liability company to bring an action raising derivative claims as a direct action and may order an individual recovery," the plaintiff has not pled facts establishing either of these two preconditions, and both must be satisfied. Saunders v. Briner, 334 Conn. 135, 176 (2019).

Second, the defendants contend that "Plaintiff lacks standing . . . inasmuch as the Amended Complaint rests upon the WBL Guaranty." WBL Mem. at 7. Although "Plaintiff did execute the WBL Guaranty individually," "[a]s of the date of this motion, Plaintiff is not obligated to World Business Lenders for any sums as related to the WBL Guaranty." Id. Thus, the defendants maintain that "Plaintiff has not suffered any injury, either actual or imminent, upon which Plaintiff's Amended Complaint can stand." Id. at 8. Again, the court agrees. As discussed above, the second count in the foreclosure action,

pursuant to which World Business Lenders, LLC, and WBL SPE II, LLC, sought to enforce the WBL Guaranty against Speer, was withdrawn, and no claim is being pursued based on the WBL Guaranty.

The plaintiff asserts that "[t]he Defendants . . . collected an unlawful debt," RICO Case Stmt. at 19, and that they "collected extortionate fees up front in addition to extortionate payments thereafter," Am. Compl. ¶ 26. But neither the Amended Complaint nor the RICO Case Statement alleges that the plaintiff personally made any payments on the WBL Note on behalf of the affected LLCs.

The plaintiff also asserts that she has standing against World Business Lenders, LLC, and WBL SPE II, LLC, because "[t]he Plaintiff also had pay a fee to World Business Lenders, LLC regardless of whether or not it would offer the WBL Mortgage," Am. Compl. ¶ 13, and because "WBL commenced a foreclosure action in Connecticut to collect the fees and charges specified in ¶13, which it assigned all interest in to its alter ego, [WBL SPE II, LLC]," id. ¶ 29. The foreclosure action was commenced against 526-528 North Main Street, LLC, not against the plaintiff. Thus, the plaintiff has not alleged that she paid the fee referenced in paragraph 13. In paragraph 13 of the Amended Complaint, the plaintiff repeats her pattern of referring to "the Plaintiff" when in fact the borrower is JEM Contracting Co., LLC, and the

mortgagor is 526-528 North Main Street, LLC, and she in her individual capacity is only the signatory to the WBL Guaranty. Even assuming arguendo that the plaintiff paid the fee described in paragraph 13, the plaintiff has not alleged facts showing that this injury is fairly traceable to the conduct that the plaintiff challenges with respect to World Business Lenders, LLC, and WBL SPE II, LLC, e.g., in Count Two, a conspiracy to collect on an unlawful debt. These amounts were paid "[p]rior to the Plaintiff discovering or learning of the Danjon Defendants' initial scheme," which is to say, before any attempt was made to collect on an unlawful debt. Am. Compl. ¶ 13. In any event, the WBL Note and WBL Guaranty were assigned to World Business Lenders, LLC, only on May 2, 2016, and the WBL Mortgage was assigned to World Business Lenders, LLC, only on August 2, 2016. See WBL Mem., Ex. A (ECF No. 57-2) at 2. The plaintiff does not allege facts sufficient to explain how any payments were made to World Business Lenders, LLC, rather than to Bank of Lake Mills, the original holder of the WBL Note and the original mortgagee. In sum, the plaintiff "does not claim any injury to business or property: [she] has not paid a cent to [these] Defendant[s] as a result of the debt collection action," Quick v. EduCap, Inc., 318 F.Supp.3d 121, 138 (D.D.C. 2018).

**III. HOGAN HULET PLLC**

**A.    Factual Background**

On May 19, 2016, JEM Contracting Co., LLC, as lessee, entered into an Equipment Lease (the "Danjon Lease") with Danjon Capital, Inc., as lessor. The plaintiff signed the Danjon Lease on behalf of JEM Contracting Co., LLC, in her capacity as a member of JEM Contracting Co., LLC. Speer entered into an unconditional personal guarantee (the "Danjon Guarantee"), under which she unconditionally guaranteed performance by JEM Contracting Co., LLC, of all its obligations under the Lease. JEM Contracting Co., LLC, failed to make payments due under the Danjon Lease. Speer, as unconditional guarantor, also failed to meet her obligations under the Danjon Lease and the Danjon Guarantee, including the obligation to make lease payments upon JEM Contracting Co., LLC's failure to make required payments. Danjon Capital, Inc., brought suit against JEM Contracting Co., LLC, and Speer in Nevada state court. Hogan Hulet PLLC represented Danjon Capital, Inc., in that case. A default judgment entered against JEM Contracting Co., LLC. Danjon Capital, Inc., also moved for summary judgment on its claims against Speer as the guarantor. On April 29, 2019, a Nevada court entered judgment against JEM Contracting Co., LLC, and Speer in favor of Danjon Capital, Inc., in the amount of $112,761.26. See Danjon Capital, Inc. v. JEM Contracting Co.,

LLC, No. A-17-751487-C (Nev. D. Ct. Clark Cty. Apr. 29, 2019). On the same day, Danjon Capital, Inc., proceeding through other counsel, filed a foreign state judgment in Connecticut Superior Court pursuant to Conn. Gen. Stat. §§ 50a-30 or 52-604 against both JEM Contracting Co., LLC, and Speer. See Danjon Capital Inc. v. JEM Contracting Co., LLC, No. DBD-CV19-4021959-S (Conn. Super. Ct. Apr. 29, 2019). On December 23, 2019, Danjon Capital, Inc. withdrew that action.

**B.   Lack of Standing**

Count Three alleges unlawful collection of debt in violation of 18 U.S.C. § 1962(d) against defendant Hogan Hulet PLLC.

Hogan Hulet PLLC moves to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. With respect to subject matter jurisdiction, the defendant argues that the plaintiff lacks standing, that the court lacks subject matter jurisdiction under the Rooker-Feldman doctrine, and that the court should abstain to exercise jurisdiction under Colorado River. The court agrees that the plaintiff lacks standing, so it does not reach the other arguments.

With respect to Hogan Hulet PLLC, the plaintiff has not clearly alleged facts sufficient to demonstrate that she has suffered an injury in fact. "An allegation of future injury may

suffice if the threatened injury is 'certainly impending,' or there is a '"substantial risk" that the harm will occur.'" Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158 (2014) (quoting Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013)).

The Amended Complaint alleges that "Defendant Hogan Hulet's role was to memorialize and permanently solidify" the Danjon Lease and Danjon Guarantee by conducting litigation against the plaintiff on Danjon Capital, Inc.'s behalf in Nevada state court. Am. Compl. ¶ 43. Even assuming arguendo that these acts were part of a conspiracy to collect on an unlawful debt, the plaintiff has not established that any threatened injury that is fairly traceable to these acts--i.e., collection against her on the basis of the Nevada judgment which Hogan Hulet PLLC litigated--is "certainly impending" or that there is a "substantial risk" that it will occur. Driehaus, 573 U.S. at 158. Danjon Capital, Inc., has withdrawn its registration of the Nevada judgment. Even "an 'objectively reasonable likelihood' of future harm" is "an improper standard for showing a 'threatened injury [is] certainly impending.'" Lacewell v. Off. of Comptroller of Currency, 999 F.3d 130, 141 (2d Cir. 2021) (quoting Clapper, 568 U.S. at 410). In addition, "allegations of possible future injury are not sufficient." Id. (quoting Clapper, 568 U.S. at 409). Thus, the plaintiff has not alleged facts sufficient to demonstrate that she has suffered an injury

-12-

in fact traceable to defendant Hogan Hulet PLLC.

**IV. CONCLUSION**

Accordingly, Defendants World Business Lenders, LLC and WBL SPE II LLC's Motion to Dismiss (ECF No. 57) and Defendant Hogan Hulet PLLC's Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) and/or Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (ECF No. 59) are hereby GRANTED.

All claims against defendants World Business Lenders, LLC, WBL SPE II LLC, and Hogan Hulet PLLC, are dismissed without prejudice for lack of subject matter jurisdiction due to the plaintiff's lack of standing.

It is so ordered.

Dated this 16th day of March 2023, at Hartford, Connecticut.

                                                /s/AWT
                                       Alvin W. Thompson
                               United States District Judge